IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN A. HART | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DELAWARE OFFICE | : | |
| OF PROBATION & PAROLE | : | NO. 07-4839 |

### REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                                                    March 27, 2008
UNITED STATES MAGISTRATE JUDGE

Presently before this court is a *pro se* Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. John A. Hart ("Petitioner"), currently not incarcerated, seeks habeas relief based on claims of ineffective assistance of counsel, an unlawfully induced *nolo contendere* plea, and denial of the right to a speedy hearing. The Honorable Norma L. Shapiro referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner's habeas claims be DISMISSED without a hearing.

### I. BACKGROUND AND PROCEDURAL HISTORY[1]

On May 12, 2003, Petitioner pled *nolo contendere* to several offenses in the Delaware County Court of Common Pleas. *See Commonwealth v. Hart*, No. 1426 EDA 2004, slip op. at 1 (Pa. Super. Ct. May 16, 2005) ("*Hart I*"); *Commonwealth v. Hart*, No. 1496 EDA 2006, slip op. at 1 (Pa. Super. Ct. Mar. 21, 2007) ("*Hart II*"). In No. 4696-02, Petitioner pled *nolo contendere* to stalking and

---

[1] The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition ("Pet.") and the Commonwealth's Answer ("Ans."), inclusive of all exhibits thereto.

terroristic threats stemming from a series of incidents involving his former girlfriend, Amanda Smothers. *Hart II*, slip op. at 1. In No. 5645-02, Petitioner pled *nolo contendere* to defiant trespass in relation to the ongoing situation with Ms. Smothers. *Id.* Likewise, in No. 685-03, Petitioner pled *nolo contendere* to two additional counts of stalking for his continued behavior with regard to Ms. Smothers. *Id.* at 1-2.

Immediately after accepting the plea, the trial court sentenced Petitioner to time served to twelve months' imprisonment for defiant trespass in No. 5645-02 and concurrent terms of time served to twenty-three months' imprisonment and time served to twenty-four months less one day for stalking and terroristic threats in No. 4696-02. *Id.* at 2. In addition, the court imposed twenty-four months' probation, consecutive to the terms of confinement, for stalking in No. 685-03. *Id.* Petitioner was immediately paroled and released from the correctional facility. *Commonwealth v. Hart*, Nos. 5645-02, 4696-02, 5713-02, 685-03, slip op. at 2 (Del. Cty. Aug. 2, 2006) ("*Hart III*").

Three weeks later, Petitioner was arrested on charges of harassing his new paramour, Courtney Davis, and he was placed in Delaware County Prison. *Hart I*, slip op. at 1. On June 4, 2003, while in custody on the Davis charges, Petitioner was served with two additional warrants[2] for allegedly contacting Ms. Smothers by telephone on May 31, 2003, a violation of his earlier probation terms. *Id.* On June 10, 2003, Delaware County Adult Probation Officer Dawn Clark requested that two detainers be lodged against Petitioner based upon the criminal charges filed by Ms. Davis. *Id.* at 2. The District Attorney requested that an additional detainer be lodged against Petitioner for violating a condition of his probation. *Id.*

On August 5, 2003, a preliminary hearing was held on the charges arising from the alleged

---

[2]The first warrant charged Petitioner with harassment by communication, and the second charged him with an indirect criminal contempt violation. *See Hart I*, slip op. at 1.

telephone calls to Ms. Smothers. *Hart I*, slip op. at 2. After the hearing, the Magisterial District Court determined that the Commonwealth had not sustained its probable cause burden with respect to the harassment by communication charge and dismissed it. *Id.* On October 16, 2003, the Commonwealth withdrew all remaining charges arising from Ms. Smother's new allegations. *Id.*

On June 26, 2003, the Magisterial District Court held a preliminary hearing on the charges involving Ms. Davis' allegations and held the charges over for trial. *Hart 1*, slip op. at 2. On December 5, 2003, following a jury trial in the Delaware County Court of Common Pleas, Petitioner was acquitted of all charges involving Ms. Davis. *Id.*

On December 17, 2003, Petitioner filed a habeas corpus petition in Pennsylvania state court seeking to have his detainers lifted. *Hart 1*, slip op. at 2. At the hearing held on December 22, 2003, the Commonwealth gave Petitioner notice of its intent to proceed with a *Gagnon II* hearing[3] based upon a technical violation of the terms of Petitioner's probation for the alleged contacts with Ms. Smothers on May 31, 2003; the court dismissed the habeas petition and scheduled a *Gagnon II* hearing for February 9, 2004. *Hart 1*, slip op. at 2-3.

At the February 9, 2004 hearing, Petitioner was determined to have violated his probation for Nos. 4696-02 and 685-03; accordingly, the court re-imposed his back time on those two cases and granted immediate parole. *Hart II*, slip op. at 2. As the one-year sentence imposed in No. 5645-02 had previously expired, that conviction was not included in the revocation proceeding. *Id.* On March 10, 2004, Petitioner filed a notice of appeal from the revocation sentence to the Superior

---

[3] A parolee is entitled to minimum due process protections because of the possible deprivation of liberty inherent in parole revocation proceedings. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also, Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (extending the *Morrissey* holding to probation revocation proceedings). When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed. *See Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. Ct. 2000). Where a finding of probable cause is made, a second, more comprehensive *Gagnon II* hearing, is required before a final revocation decision is made. *Id.*

Court. *Id.* While that appeal was pending, Petitioner filed a Post Conviction Relief Act ("PCRA") petition on May 11, 2004; the PCRA court held the PCRA petition in abeyance until the parole revocation appeal was resolved. *Id.* On May 16, 2005, the Pennsylvania Superior Court affirmed the revocation sentence. *Id.* On August 22, 2005, the Pennsylvania Supreme Court denied a petition for *allocatur*.[4] Ans. at 2.

On April 25, 2006, the PCRA court held an evidentiary hearing and, on May 10, 2006, the court denied relief on Nos. 4696-02, 5645-02, and 5713-02 because Petitioner was no longer eligible for post-conviction relief pursuant to 42 Pa. Cons. Stat. Ann. § 9543(1)(i), which requires that a petitioner be currently serving a sentence.[5] *See Commonwealth v. Hart*, Nos. 4696-02, 5645-02, 5713-02, 685-03, slip op. at 4 (Del. Cty. May 10, 2006) ("*Hart IV*"). The court concluded that Petitioner's post-conviction claims with regard to the remaining stalking convictions, listed at No. 685-03, did not warrant relief. *Id.* at 4-13. On June 2, 2006, Petitioner filed a timely *pro se* appeal to the Pennsylvania Superior Court. *Hart II*, slip op. at 2.

On March 21, 2007, the Superior Court affirmed the PCRA court's order denying PCRA relief. *Id.* at 6. Specifically, the court affirmed the PCRA court's finding that Petitioner was ineligible for relief on Nos. 4696-02 and 5645-02 because those sentences had previously expired.

---

[4] On January 12, 2006, Petitioner filed an application for federal habeas relief. *See Hart v. Nardolillo*, Civ. Action No. 06-160, slip op. at 3 (E.D. Pa. May 25, 2006) ("R & R"). First, Petitioner challenged the failure to conduct a *Gagnon I* hearing and the delay in conducting the *Gagnon II* hearing. *Id.* Second, Petitioner challenged the denial of his application for state habeas relief. *Id.* On May 25, 2006, the undersigned recommended denial of the petition on the merits. *Id.* at 11. With respect to Ground One, the court concluded that Petitioner was afforded due process because he admitted to the probation/parole violation and failed to contend that such a violation would not constitute an appropriate ground to revoke his probation and parole under state law. *Id* at 7-10. Ground Two was denied on the merits even though the claim was deemed unexhausted. *Id.* at 10-11. On January 19, 2007, the Honorable Judge Norma L. Shapiro approved the R & R, with some modifications, thereby denying the petition. *See Hart v. Nardolillo*, Civ. Action No. 06-160, slip op. at 10 (E.D. Pa. Jan. 19, 2007).

[5] Petitioner's sentence for No. 4696-02 had expired on January 11, 2005, his sentence for No. 5645-02 had previously expired, and he never had a sentence for No. 5713-02, which had been *nolle prossed*. *See Commonwealth v. Hart*, Nos. 4696-02, 5645-02, 5713-02, 685-03, slip op. at 4 (Del. Cty. May 10, 2006).

*Id.* at 4. Furthermore, the court found that the matter listed at No. 685-03 expired on January 11, 2007, thereby precluding PCRA relief pursuant to 42 Pa. Cons. Stat. Ann. § 9543(1)(i). *Id.* On October 16, 2007, the Pennsylvania Supreme Court denied a petition for *allocatur*. *See Commonwealth v. Hart*, No. 525 MAL 2007 (Pa. Oct. 16, 2007).

Petitioner filed his current habeas petition on November 16, 2007, claiming "ineffective assistance of counsel, unlawfully induced plea, [and] denial of right to speedy hearing." Pet. at 9. The Commonwealth, in its answer, moves to dismiss the petition on the grounds that "a) Petitioner does not present any federal issues, b) he is not presently under sentence and is ineligible for habeas corpus relief, and c) the petition is a successive petition, filed without leave of the circuit court of appeals." Ans. at 4. After review of the habeas petition and the Commonwealth's answer, the court finds that it lacks jurisdiction over Petitioner's claims because he was not in custody at the time he filed the petition.

## II. DISCUSSION

### A. Custody Requirement

Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. 28 U.S.C. § 2241(a). A federal court has jurisdiction to entertain a habeas petition under 28 U.S.C. § 2254(a) "'only if [a petitioner] is in custody in violation of the constitution or federal law.'" *Leyva v. Williams*, 504 F.3d 357, 362 (3d. Cir. 2007) (quoting *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005)). For a federal court to have jurisdiction, a petitioner must be in custody for the conviction he is attacking at the time the habeas petition is filed. *Leyva*, 504 F.3d at 363.

Furthermore, "[t]he term 'custody' extends beyond physical confinement, and encompasses

other 'significant restraints on . . . liberty' that are 'not shared by the public generally.'" *Id.* (quoting *Jones v. Cunningham*, 371 U.S. 236, 242, 240 (1963)). For instance, the custody requirement is satisfied when a petitioner is on parole or on probation. *See Jones*, 371 U.S. at 243 (parole); *Leyva*, 504 F.3d at 363 (citing *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (probation)).

**B.   Petitioner is not in Custody**

When Petitioner filed his federal habeas petition on November 16, 2007, he was not in custody pursuant to 28 U.S.C. § 2254(a), because he was neither incarcerated nor on probation or parole based on the sentences imposed on him on May 12, 2003. Specifically, the one-year sentence imposed in No. 5645-02 had expired and No. 5713-02 was *nolle prossed*. *Hart IV*, slip op. at 4. Additionally, on March 21, 2007, the Superior Court found that Petitioner was ineligible for relief on No. 4696-02 because the sentence therein imposed had expired on January 11, 2005. *Hart II*, slip op. at 4. Furthermore, the sentence imposed in No. 685-03 had expired on January 11, 2007. *Id.* Since Petitioner does not satisfy the "in custody" requirement of 28 U.S.C. § 2254(a), this court lacks jurisdiction over his claims. *See Leyva v. Williams*, 504 F.3d at 363.

### III. CONCLUSION

This court lacks jurisdiction over Petitioner's claims because he does not satisfy the "in custody" requirement. Reasonable jurists would not debate the appropriateness of the court's procedural disposition of his claims; therefore, a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

## **RECOMMENDATION**

AND NOW, this 27th day of March, 2008, for the reasons contained in the preceding Report, it is hereby RECOMMENDED that Petitioner's claims be DISMISSED, without an evidentiary hearing. Petitioner has neither demonstrated that any reasonable jurist could find this court's procedural ruling debatable, nor shown denial of any Constitutional right; hence, there is no probable cause to issue a certificate of appealability. Petitioner may file objections to this Report and Recommendation within ten (10) days of being served a copy of it. *See* Local R. Civ. P. 72.1(IV). Failure to file timely objections may constitute a waiver of any appellate rights.

It be so **ORDERED.**

*/s/ Carol S. Wells*
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE