IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN A. HART | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DELAWARE OFFICE | : | |
| OF PROBATION & PAROLE | : | NO. 07-4839 |

MEMORANDUM AND ORDER

**NORMA L. SHAPIRO, S.J.**                                                                                           OCTOBER 16, 2008

This is a habeas corpus petition filed under 28 U.S.C. § 2254 by *pro se* petitioner John A. Hart ("Hart"). The Honorable Sandra Moore Wells, United States Magistrate Judge ("Judge Wells"), filed a Report and Recommendation ("R&R") that the habeas petition be denied. For the reasons that follow, the R&R will be approved and adopted, and Hart's habeas petition will be denied.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Hart was convicted in the Delaware County Court of Common Pleas on May 12, 2003. He was sentenced to twelve months imprisonment for defiant trespass and concurrent terms of time served to twenty-three months' imprisonment and time served to twenty-four months less one day for stalking and terroristic threats. The court also imposed twenty-four months' probation consecutive to the terms of confinement. Hart was immediately paroled and he did not take a direct appeal. On June 10, 2003 detainers were lodged against Hart for violation of his probation terms. Hart is not currently serving a sentence of imprisonment, probation or parole.

On November 16, 2007 Hart filed this federal habeas petition under 28 U.S.C. § 2254 to have his detainers lifted.

The case was referred to Judge Wells for an R&R; she recommended that Hart's petition be dismissed because he was no longer in custody and therefore this Court lacks jurisdiction over his claims.

Hart made the following objections to the R&R:

1. Judge Wells erred in failing to recognize the collateral consequences exception to the custody requirement and the exception grants this Court jurisdiction over Petitioner's claim.
2. Judge Wells erred in not finding ineffective assistance of counsel.

## II. DISCUSSION

Presently before the court are Petitioner's objections to the R&R. Petitioner's ineffective counsel claim is not addressed because it is irrelevant to the determination of this Court's jurisdiction.

A district court reviews *de novo* those portions of a magistrate judge's R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C).

### A. The general custody requirement for habeas petitions

A federal court can only adjudicate an ongoing case or controversy. U.S. Const. art. III, § 2. In a habeas petition, there is a general requirement that the petitioner be in custody. *U.S. v. Jackson*, 523 F.3d 234, 237 (3d Cir. 2008) *citing Spencer v. Kemna*, 523 U.S. 1 (1988); *Kimmel v. Tennis*, 2007 WL 3334968, at *3(W.D. Pa. 2007) *citing Lane v. Williams*, 455 U.S. 624 (1982). If the petitioner is no longer in custody, a habeas petition is generally moot.

### B. The collateral consequences exception

Judge Wells erred in dismissing Hart's federal habeas petition without considering the collateral consequences exception to the custody requirement. The collateral consequences

exception permits the Court to disregard the custody requirement for claims regarding actions that are "capable of repetition, yet evading review". *Southern Pac. Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498 (1911). The exception applies when the challenged action was too brief to be litigated prior to its expiration and there is a reasonable likelihood that the same complaining party would be subjected to the same action again. For this exception to apply, two elements must be present; (1) there is a reasonable expectation that the same complaining party will be subject to the same action again; and (2) the challenged action is too brief to be litigated prior to cessation or expiration. *Id*. Petitioner is correct that this exception deserved consideration by Judge Wells, but the exception does not apply because there is no reasonable likelihood that he would again be convicted and imprisoned. *See Doe v. Delie*, 257 F.3d 309, 313-314 (3d Cir. 2001). Therefore, the length of the challenged action does not matter.

    The collateral consequences exception also permits a federal court to entertain the habeas petition of an individual who is no longer in custody when the petitioner is at risk of suffering residual injury if the conviction is allowed to stand. *Sibron v. New York*, 392 U.S. 40 (1968) *citing Pollard v. U.S.*, 352 U.S. 354 (1957). (The possibility of consequences collateral to the imposition of sentence is sufficiently substantial to justify our dealing with the merits). Hart did not assert this exception in his objections to the R&R, but it bears significance for criminal convictions. The Supreme Court and the Third Circuit Court of Appeals have presumed collateral consequences when a litigant challenges a criminal conviction. *See Spencer*, 523 U.S. 1 (1988)*; US v. Kissinger*, 309 F.3d 179 (3d Cir. 2002). This exception does not apply to petitions regarding parole revocation. *U.S. v. Jackson***,** 523 F.3d 234, 238 (3d Cir. 2008) *citing*

*Spencer*, 523 U.S. at 2 (1988) (the presumption that criminal convictions have collateral consequences did not extend to revocations of parole). This exception does not apply to Hart.

**III. CONCLUSION**

The collateral consequences exception to the requirement that a habeas petitioner be "in custody" is unavailable to Hart. This court lacks jurisdiction to hear Hart's claim. Judge Wells's R&R will be approved and adopted. Hart's objections will be overruled and his petition for writ of habeas corpus under 28 U.S.C. § 2254 will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN A. HART | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DELAWARE OFFICE | : | |
| OF PROBATION & PAROLE | : | NO. 07-4839 |

**ORDER**

**AND NOW**, this 16th day of October, 2008, upon consideration of the petition for writ of habeas corpus, Magistrate Judge Wells's Report and Recommendation, Petitioner's objections, and all other relevant papers in the record, for the reasons set forth in the accompanying memorandum, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. Petitioner's objections to the Report and Recommendation are **OVERRULED**.

3. The petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

4. Petitioner has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this Court's procedural and substantive disposition of his claims. Consequently, a certificate of appealability is **DENIED**.

 /s/ Norma L. Shapiro
Norma L. Shapiro, S.J.