IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN A. HART | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DELAWARE OFFICE | : | |
| OF PROBATION & PAROLE | : | NO. 07-4839 |

**MEMORANDUM AND ORDER**

**NORMA L. SHAPIRO, S.J.**                                                        **DECEMBER 3, 2008**

This is a motion for reconsideration of a habeas corpus petition filed under 28 U.S.C. § 2254 by *pro se* petitioner John A. Hart ("Hart"). For the reasons that follow, the motion for reconsideration will be granted but Hart's habeas petition will again be denied.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner, Hart, was convicted in the Delaware County Court of Common Pleas on May 12, 2003 and sentenced to twelve months imprisonment. Petitioner was immediately paroled; he did not take a direct appeal. On February 9, 2004, Hart was found to have violated the terms of his parole. On November 16, 2007, Hart filed for federal habeas relief from his May 12, 2003 conviction.

The case was referred to Magistrate Judge Wells for a Report and Recommendation ("R&R"). Judge Wells recommended that Hart's petition be dismissed because he did not satisfy the "in custody" requirement for habeas and therefore this court lacked jurisdiction over his claims. Hart made the following objections to Judge Wells's R&R.

1. Judge Wells erred in failing to recognize the collateral consequences exception to the custody requirement and the exception grants this Court jurisdiction over Hart's claim.

2.       Judge Wells erred in failing to address the merits of Hart's habeas claim.

On October 17, 2008, this court construed Hart's petition as challenging his parole revocation and therefore held that this court lacked jurisdiction over his claim because he was no longer in custody and the collateral consequences exception does not extend to parole revocation. Hart's habeas petition was denied. On November 6, 2008, Hart, filing a motion for reconsideration, noted that his habeas petition challenged his conviction, not his parole revocation. Hart is not currently serving a sentence of imprisonment, probation or parole.

**II. DISCUSSION**

Presently before the court is Hart's motion for reconsideration of his objections to Judge Wells's R&R.

### Hart's motion for reconsideration

A motion for reconsideration serves to correct manifest errors of law or fact. *Youssef v. Anvil Intern*, No. 06-4926, 2008 WL 618654 at *1 (E.D.Pa. Mar 3, 2008), *citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906(3d Cir.1985). A court should grant a motion for reconsideration only if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice." *Youssef*, 2008 WL 618654 at *1, *citing Drake v. Steamfitters*, No. 97-585, 1998 WL 564486 at *3 (E.D.Pa. Sept.3, 1998). Hart's motion attempts to correct an error of fact regarding the nature of his habeas petition. Hart points to this court's determination that his habeas petition challenged a parole revocation, when in fact it challenged his conviction. The motion for reconsideration will be granted because there was a mistake of fact.

### Hart's Objections to the R&R

A district court reviews *de novo* those portions of a magistrate judge's R&R to which objection is

made. 28 U.S.C. § 636(b)(1)(c).

### The general custody requirement for habeas petitions

Under Article III, Section 2 of the U.S. Constitution, a federal court can only adjudicate an ongoing case or controversy. In a habeas petition there is a general requirement that the petitioner be in custody. *U.S. v. Jackson*, 523 F.3d 234, 237 (3d Cir. 2008) *citing Spencer v. Kemna*, 523 U.S. 1 (1988); *Kimmel v. Tennis*, 2007 WL 3334968, at *3(W.D. Pa. 2007) *citing Lane v. Williams*, 455 U.S. 624 (1982).

### The collateral consequences exception

The collateral consequences exception permits the Court to disregard the custody requirement for claims regarding actions that are "capable of repetition, yet evading review". *Southern Pac. Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498 (1911). The exception applies when the challenged action was too brief to be litigated prior to its expiration and there is a reasonable likelihood that the same complaining party will be subjected to the same action again. For this exception to apply, two elements must be present: (1) the challenged action is in its duration too short to be litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Id*. But, there is no reasonable likelihood that Hart will again be convicted and imprisoned. *See Doe v. Delie*, 257 F.3d 309, 313-314 (3d Cir. 2001). Therefore, the length of the challenged action does not matter.

The collateral consequences exception also permits a federal court to entertain the habeas petition of an individual who is no longer in custody when the petitioner is at risk of suffering residual injury if the conviction is allowed to stand. *Sibron v. New York*, 392 U.S. 40 (1968) *citing Pollard v. U.S.*, 352 U.S. 354 (1957). (The possibility of consequences collateral to the

imposition of a sentence is sufficiently substantial to justify dealing with the merits). This exception is not asserted in Hart's objections to the R&R.

Although courts once presumed collateral consequences liberally, more recent decisions limiting the reach of this exception hold that a habeas petitioner whose sentence has expired does not satisfy the custody requirement merely because the conviction may be used to enhance a subsequent sentence. *Maleng v. Cook*, 490 U.S. 488, 491-492 (1989). This exception does not apply to Hart so long as he is not in custody. It is possible that Hart will have the opportunity to challenge the constitutionality of his conviction if and when the conviction is used to enhance a subsequent sentence. *See Lackawanna Cty. Dist. Atty. v. Coss*, 532 U.S. 394, 401-02 (2001). The court will not presume as Hart impliedly suggests, that Mr. Hart will be convicted and have his subsequent sentence enhanced by the conviction he now seeks to challenge..

### III. CONCLUSION

This court lacks jurisdiction to hear Hart's claim because he is no longer in custody and no exception applies. Judge Wells's R&R will be approved and adopted and Hart's objections will be overruled. Hart's petition for writ of habeas corpus under 28 U.S.C. § 2254 will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN A. HART** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **COUNTY OF DELAWARE OFFICE** | : | |
| **OF PROBATION & PAROLE** | : | **NO. 07-4839** |

## ORDER

**AND NOW**, this 3rd day of December, 2008, upon consideration of the motion for reconsideration, the petition for writ of habeas corpus, Judge Wells's Report and Recommendation, Petitioner's objections, and all other relevant papers in the record, for the reasons set forth in the accompanying memorandum, it is **ORDERED** that:

1. The Petition for Reconsideration is **GRANTED**.

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. Petitioner's objections to the Report and Recommendation are **OVERRULED**.

4. The petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

5. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, there is no basis for issuing a certificate of appealability.

                                                                                 /s/ Norma L. Shapiro
                                                                               Norma L. Shapiro, S.J.